**UNITED STATES of America**

v.

**Julio Perez CESTERO, a/k/a "Julito," Defendant.**

**No. SS 78 Cr. 640 (KTD).**

United States District Court, S.D. New York.

April 23, 1991.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (David Raymond Lewis, Asst. U.S. Atty., of counsel), New York City, for U.S.

Federal Defenders Services (Paul Davidson, of counsel), New York City, for defendant.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

In 1978, Julio Perez Cestero and others were indicted in this district for United States narcotics law violations. 21 U.S.C. §§ 812, 841, 846, 951, 952, 960 and 963 (1970) (current version 21 U.S.C. §§ 812 *et seq.* (1991)). I am now called upon to resolve a purported ambiguity in my ruling on Cestero's motion to dismiss Count II for allegedly improper venue, which was first made after the prosecution's case and then renewed at the end of evidence. The facts underlying Count II are clear. Indeed, defense counsel effectively admitted Cestero's guilt to this Count, with Cestero's consent, during summation. The following constitutes my findings of fact and conclusions of law relevant to venue.

Following Cestero's indictment in 1978, a bench warrant for his arrest was issued from this district. At that time, Cestero

was found in his native Puerto Rico where he was arrested. He was arraigned before a magistrate in Puerto Rico and released overnight in order for him to post security for a personal recognizance bond until removal to this district could be effected. Cestero never returned before the court in Puerto Rico. Instead, he fled to Venezuela where he remained a fugitive until he was finally apprehended by Venezualan officials working in cooperation with United States law enforcement officers. Cestero was eventually returned for trial in this district.

A superceding indictment was returned on April 26, 1990 which charged the same narcotics conspiracy as the original indictment, but deleted matters which related to those defendants already convicted. In addition, it contained a charge for bail jumping in violation of 18 U.S.C. § 3150 (1984). Defense counsel was aware of all facts concerning the bail jumping charge at the time that this superceding indictment was returned. Venue, however, did not become a point of challenge until after the government's case ended.

It is clear that Cestero waived whatever rights he may have had regarding venue for the bail jumping case being in Puerto Rico by his failure to raise the issue of venue until the government completed its case here. It is axiomatic that questions of venue can be waived. Here, Cestero knew of the issue long before trial and as a matter of strategy chose to ignore it. This waiver, by itself, is grounds to deny the motion.

Moreover, it is clear that there exists an independent basis for venue in this district. The law recognizes that crimes can be committed in more than one district and that venue may properly lie in more than one district. *See United States v. Reed,* 773 F.2d 477, 480 (2d Cir.1985) (prosecution may bring case in any district where effects of crime are felt). Specifically, regarding bail jumping, venue may lie in both or either of the districts where the defendant was indicted or where he was found and bail set. *Id.* at 482. In this case, bail conditions set in Puerto Rico were imposed to assure the defendant's presence in this district. Any refusal to comply with those conditions clearly affects matters in this district and thus venue rightfully belongs here.

For the foregoing reasons, Cestero's motion to dismiss Count II of the indictment SS78 Cr. 640 is denied.

SO ORDERED.